ORIGINAL



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL - 1 2009

CLERK, U.S. DISTRICT COURT
By _____
           Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **WAL-MART STORES, INC.,**<br>Plaintiff<br><br>v.<br><br>**GENFLEX ROOFING SYSTEMS, LLC;<br>FIRESTONE BUILDING PRODUCTS<br>COMPANY; BFS DIVERSIFIED<br>PRODUCTS, LLC; BRIDGESTONE<br>AMERICAS HOLDING, INC.; and<br>OMNOVA SOLUTIONS, INC.,**<br>Defendants. | §§§§§§§§§§§§§ Cause No. _____<br><br>3-09CV1248-D<br>3230 |

## ORIGINAL COMPLAINT

Wal-Mart Stores, Inc. complains of GenFlex Roofing Systems, LLC, Firestone Building Products Company, BFS Diversified Products, LLC, Bridgestone Americas Holding, Inc., and Omnova Solutions, Inc. (collectively "Firestone") and states as follows:

## RELATIONSHIP TO PRIOR ACTION

This action is a resumption and re-filing of a prior action filed in this Court on March 19, 2008 under Cause No. 3:08-cv-482-K and assigned to Judge Kinkeade. The prior suit was voluntarily dismissed without prejudice pursuant to a written Tolling Agreement.

The Tolling Agreement was requested by Firestone with the representation that it wanted an opportunity to resolve the claim of multiple GenFlex roof failures experienced at Wal-Mart and Sam's Club stores without the expense of ongoing litigation. Wal-Mart relied in good faith on Firestone's proposal and agreed to dismiss the suit without prejudice. Wal-Mart twice extended the Tolling Agreement in reliance on Firestone's representations and written agreement that Wal-Mart's claims would remain intact while Firestone attempted to develop a solution.

**ORIGINAL COMPLAINT**                                          1
Document #: 1373986

Over the past year Firestone inspected several Wal-Mart roofs. On November 18, 2008, all the parties participated in a conference to find a resolution of this matter, but were unsuccessful.

The Tolling Agreement as amended expires on July 1, 2009, without resolution. In accordance with the Tolling Agreement, Wal-Mart is therefore re-filing this action in this Court and is entitled to enforce its rights and claims against Firestone as they existed on March 19, 2008.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Wal-Mart Stores, Inc. ("Wal-Mart") is a Delaware corporation with its principal place of business in the State of Arkansas. Pursuant to 28 U.S.C. § 1332(c)(1), Wal-Mart is a citizen of Delaware and Arkansas for jurisdictional purposes.

2. Defendant GenFlex Roofing Systems, LLC. ("GenFlex"), is a limited liability company whose sole owner and member is believed to be BFS Diversified Products, LLC, whose sole owner and member is believed to be Bridgestone Americas Holding, Inc., a Nevada corporation whose principal place of business is in Tennessee. For jurisdictional purposes, LLCs have the same citizenship as their members, and GenFlex is therefore a citizen of Nevada and Tennessee.[1] GenFlex may be served process through its designated agent for service of process in the State of Texas, National Registered Agents, Inc., 1614 Sidney Baker Street, Kerrville, Texas 78028.

3. Defendant Firestone Building Products Company ("Firestone Building Products") is believed to be an unincorporated division, assumed name, or part of a single business enterprise or other association that includes GenFlex, BFS Diversified Products, LLC and

---

[1] *See, e.g. Linder Enterprises v. Martinringle, Inc.* 2997 WS 3095382 (N.D. Tex. 2007); *Deep Marine Technology, Inc. v. Conmaco/Rector, LP*, 515 F. Supp. 2d 760, 766 (S.D. Tex 2007).

**ORIGINAL COMPLAINT**　　　　　　　　　　　2
Document #: 1373986

Bridgestone Americas Holding, Inc. For jurisdictional purposes, Firestone Building Products is therefore a citizen of Nevada and Tennessee.

4. Defendant BFS Diversified Products, LLC ("BFS") is a limited liability company whose sole owner and member is believed to be Bridgestone Americas Holding, Inc., which is a Nevada corporation whose principal place of business is in Tennessee. For jurisdictional purposes, BFS is a citizen of Nevada and Tennessee. BFS may be served process through its designated agent for service in the State of Texas, National Registered Agents, Inc., 1614 Sidney Baker Street, Kerrville, Texas 78028.

5. Defendant Bridgestone Americas Holding, Inc. ("Bridgestone"), is a Nevada corporation with its principal place of business in Tennessee. For jurisdictional purposes Bridgestone is a citizen of Nevada and Tennessee. Bridgestone may be served process through its designated agent for service in the State of Texas, National Registered Agents, Inc., 1614 Sidney Baker Street, Kerrville, Texas 78028.

6. Defendant Omnova Solutions, Inc. ("Omnova") is an Ohio corporation with its principal place of business in Ohio. For jurisdictional purposes Omnova is a citizen of Ohio. Omnova may be served process through its designated agent for service of process in the State of Texas, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, TX 78701.

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a)(1) because plaintiff is a citizen (as that term is defined in 28 U.S.C. §1332) of different states than all defendants and the amount in controversy exceeds $75,000.00 excluding interest and costs.

8. This Court has personal jurisdiction over each defendant as each defendant either performed, assumed, or is legally responsible as successor for the performance of one or more

**ORIGINAL COMPLAINT**  3
Document #: 1373986

contracts and warranties which were performable in whole or part in this State and from which Wal-Mart's claims arise. Alternatively, each defendant has sufficient contacts with this State or does general business in this State sufficient to subject them to general personal jurisdiction in this State.

9. Venue is proper as it is the agreed venue stipulated by the parties in Paragraph 6 of the Tolling Agreement. Venue is also proper in the Northern District of Texas, Dallas Division under 28 U.S.C. §1391(a).

### Factual Background

10. Wal-Mart and Dal-Mac Construction Company ("Dal-Mac") entered into a Construction Agreement Between Owner and Contractor under which Dal-Mac was to perform all work required for the construction of a Wal-Mart Supercenter store #3225 located in Rowlett, Texas (the " Rowlett Store"), in compliance with all contract documents, conditions, drawings and specifications and to deliver the Store to Wal-Mart complete, operable and ready for its intended use.

11. Pursuant to its contract, Dal-Mac caused to be installed on the Rowlett Store a GenFlex Thermoplastic TPO Roofing System (the "Roofing System") that was supposed to last at least ten years.

12. GenFlex Building Products designed, manufactured and/or sold a Thermoplastic TPO Roofing System (the "Roofing System") that was represented to last at least ten (10) years. Wal-Mart purchased and had installed the Roofing System on the Rowlett Store as well as other stores across the country. At the time of the sale of the Roofing System for the Rowlett Store, GenFlex Building Products was a unit of Omnova Solutions, Inc. and, on information and belief, is now known as GenFlex Roofing Systems, LLC. At that time, GenFlex and Omnova each

knew and intended that Wal-Mart was the ultimate purchaser and intended beneficiary of the Roofing System they provided. Omnova provided Wal-Mart warranties in connection with the purchase and installation of the Roofing System on the Rowlett Store.

13. On information and belief, or about September 27, 2006, the assets and liabilities including the warranty liabilities of GenFlex and Omnova were sold to and assumed by Firestone Building Products, BFS and/or Bridgestone, which market themselves to the public and function as part of a single business enterprise called the Bridgestone Group, whose ultimate parent is Bridgestone Corporation the world's largest manufacturer of tires and other rubber products. As a result of their express or implied assumption of liabilities and their joint operation, GenFlex, Firestone Building Products, BFS and Bridgestone are jointly and severally liable for all contract obligations, warranties and failures of the Roofing System sold for use at the Store.

14. After less than four (4) years of occupying the Rowlett Store, severe distress and defects in the Roofing System began to appear and continued to appear despite all efforts by GenFlex or its authorized agents to abate and repair these progressive failures. Wal-Mart ultimately retained an independent testing laboratory to conduct extensive testing of the Roofing System. The testing revealed numerous defects including but not limited to surface cracking penetrating down to the reinforcing scrim, complete material delamination failure, and other inherent defects in the TPO membrane material and Roofing System. The defects rendered the Roofing System wholly unfit, unmerchantable, unusable for its intended use, and incapable of repair through individual leak repairs or of serving its intended function for the expected lifetime of the roof or the ten-years for which it was warranted. The inherent defects in the Roofing System were unknown, not discovered, and not discoverable by Wal-Mart until a date within four years of the filing of this Complaint.

15. After the discovery and confirmation that the failures in the Roofing System on the Rowlett Store had progressed to a point that further individual repairs were not reasonable or feasible, Wal-Mart was forced to obtain cover and to replace the entire roof at a cost of over $460,000.00.

16. Wal-Mart has since determined, and has notified Firestone, that many of the Roofing Systems on its stores across the country have experienced the same distress and defects as the Roofing System on the Rowlett Store. Like the Rowlett Store, the Roofing Systems on these other stores are wholly unfit, unmerchantable, unusable for their intended use and incapable of repair through individual leak repairs or of serving their intended function for the expected lifetime of the roof or the ten years for which they were warranted. In many stores the Roofing Systems failed and Wal-Mart had to replace the Roofing Systems. In addition, a number of Roofing Systems on other Wal-Mart Stores around the country have experienced problems for which Wal-Mart projects that the Roofing Systems will have to be replaced in the near future. Further, Wal-Mart has experienced, and continues to experience, leaks and other problems with Roofing Systems in other of its stores around the country.

## Count I - Breach of Contract and Warranty – Rowlett Store

17. The failures of the Roofing System on the Rowlett Store constitute a breach of contract obligations or express or implied warranties owed to Wal-Mart by GenFlex, Firestone Building Products, BFS, Bridgestone, and Omnova.

18. The breaches of contract and warranty by each defendant have caused and will continue to cause actual injury and damage to Wal-Mart in excess of $75,000.000 exclusive of interest and costs. All required notices have been provided or are excused, and all conditions precedent to Wal-Mart's recovery of its damages have been satisfied.

19. Any purported exclusive remedy contained in any written warranty including but not limited to the written Omnova warranty failed of its essential purpose and is not enforceable under UCC 2.719(b). The Omnova warranty purports to limit Wal-Mart's remedy to repair. Repeated efforts to correct the defective Roofing System failed to remedy the defect within a reasonable time (or at all) and mere repairs are incapable of making the Roofing System usable. Accordingly, the warranty has failed of its essential purpose. *See Metro Nat'l Corp. v. Dunham-Busch, Inc.*, 984 F. Supp. 538, 560 (S.D. Tex. 1997); *Mercedes-Benz of North Am., Inc. v. Dickenson*, 720 S.W.2d 844, 854 (Tex. App.—Fort Worth 1986, no pet.); *see also Delhomme Indus., Inc. v. Houston Beechcraft, Inc.*, 669 F.2d 1049, 1063 (5th Cir. 1982) ("The test in determining whether a limited warranty failed of its essential purpose is whether the buyer is given, within a reasonable time, goods that conform to the contract."). Any purported disclaimer of incidental or consequential damages by any defendant is unconscionable and not enforceable under UCC 2.719(c). The remedies available to Wal-Mart cannot be limited because the warranty failed of its essential purpose, because there were injuries to the person as a result of the failures to the Roofing Systems, and because there is no right to limit recovery of incidental damages.

20. Wal-Mart is therefore entitled to and seeks judgment against all defendants, jointly and severally, for all damages including repair and replacement of the defective Roof System together with all incidental and consequential damages incurred at the Rowlett Store.

21. Pursuant to the contracts and/or Chapter 38 of the Texas Civil Practice & Remedies Code, Wal-Mart is further entitled to recover its reasonable attorney's fees from all defendants, both through trial and in the event of an appeal.

### Count II - Breach of Contract and Warranty – Other Stores

22.     The failures of the Roofing Systems on the Other Wal-Mart Stores constitute a breach of contract obligations or express or implied warranties owed to Wal-Mart by GenFlex, Firestone Building Products, BFS, Bridgestone, and Omnova.

23.     The breaches of contract and warranty by each defendant have caused and will continue to cause actual injury and damage to Wal-Mart in excess of $75,000.000 exclusive of interest and costs. All required notices have been provided or are excused, and all conditions precedent to Wal-Mart's recovery of its damages have been satisfied.

24.     Any purported exclusive remedy contained in any written warranties including but not limited to the written Omnova warranties failed of their essential purpose and are not enforceable under UCC 2.719(b). The Omnova warranties purport to limit Wal-Mart's remedy to repairs. Repeated efforts to correct the defective Roofing Systems failed to remedy the defects within a reasonable time (or at all) and mere repairs are incapable of making the Roofing Systems usable. Accordingly, the warranties have failed of their essential purpose. *See Metro Nat'l Corp. v. Dunham-Busch, Inc.*, 984 F. Supp. 538, 560 (S.D. Tex. 1997); *Mercedes-Benz of North Am., Inc. v. Dickenson*, 720 S.W.2d 844, 854 (Tex. App.—Fort Worth 1986, no pet.); *see also Delhomme Indus., Inc. v. Houston Beechcraft, Inc.*, 669 F.2d 1049, 1063 (5th Cir. 1982) ("The test in determining whether a limited warranty failed of its essential purpose is whether the buyer is given, within a reasonable time, goods that conform to the contract."). Any purported disclaimer of incidental or consequential damages by any defendant is unconscionable and not enforceable under UCC 2.719(c). The remedies available to Wal-Mart cannot be limited because the warranties failed of their essential purpose, because there were injuries to the person as a result of the failures to the Roofing Systems, and because there is no right to limit recovery of incidental damages.

25.  Wal-Mart seeks judgment against all defendants, jointly and severally, for all damages to Other Wal-Mart Stores including (1) the cost of replacement of roofs that have been replaced and those that are projected to be replaced; (2) maintenance and repair costs on all such roofs necessary to continue the use of the store until such time as the roof was replaced or is to be replaced; and (3) all incidental and consequential damages incurred.

26.  Pursuant to the contracts and/or Chapter 38 of the Texas Civil Practice & Remedies Code, Wal-Mart is further entitled to recover its reasonable attorney's fees from all defendants, both through trial and in the event of an appeal.

### Prayer

Wherefore, Wal-Mart prays that it recover judgment of and from GenFlex, Firestone Building Products, BFS, Bridgestone, and Omnova, jointly and severally, as follows:

a.  Actual damages for breach of contract and warranty;

b.  Reasonable attorney's fees, both through trial and in the event of an appeal;

c.  Costs of court; and

d.  Such other and further relief to which Wal-Mart may show itself to be justly entitled.

## Demand for Jury

Wal-Mart demands a Trial by Jury pursuant to the Federal Rules of Civil Procedure.

Respectfully submitted,

By: /s/ Jim E. Cowles
**JIM E. COWLES**
Texas Bar No. 04931000
JCOWLES@COWLESTHOMPSON.COM

**SIM ISRAELOFF**
Texas Bar No. 10435380
SISRAELOFF@COWLESTHOMPSON.COM

**CHARLES A. GREEN**
Texas Bar No. 08347380
CGREEN@COWLESTHOMPSON.COM

**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 4000
Dallas, TX 75202
(214) 672-2000
(214) 672-2020 (Fax)

**ATTORNEYS FOR WAL-MART STORES, INC.**

≥JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**
GenFlex Roofing Systems, LLC; Firestone Building Products Company; BFS Diversified Products, LLC; Bridgestone

(b) County of Residence of First Listed Plaintiff **Benton Cty., Arkansas**
(EXCEPT IN U.S. PLAINTIFF CASES)

3-09CV1248-D

County of Residence of First Listed Defendant **Marion Cty., Indiana**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jim E. Cowles, Lead Atty., Cowles & Thompson, P.C., 901 Main Street, Suite 3900, Dallas, TX 75202-3793 (214 672-2000)

Attorneys (If Known)
C. Vernon Hartline, Jr., Hartline, Dacus, Barger, Dreyer & Kern, LLP, 6688 N. Central Expressway, Suite 1000, Dallas, TX 75206

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332
Brief description of cause:
Breach of contract/warranty

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND **In excess of $75,000.00**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE **Kinkeade (case closed 8/12/2008)** DOCKET NUMBER **3:08CV0482-K**

DATE **July 1, 2009**

SIGNATURE OF ATTORNEY OF RECORD **Jim E. Cowles**

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# ATTACHMENT FOR
# CIVIL COVER SHEET

I. **DEFENDANTS:**

GENFLEX ROOFING SYSTEMS, LLC; FIRESTONE BUILDING PRODUCTS COMPANY; BFS DIVERSIFIED PRODUCTS, LLC; BRIDGESTONE AMERICAS HOLDING, INC.; and OMNOVA SOLUTIONS, INC.

I.(c) **ADDITIONAL PLAINTIFF'S ATTORNEYS:**

Sim Israeloff
(214) 672-2131
sisraeloff@cowlesthompson.com

Charles A. Green
(214) 672-2107
cgreen@cowlesthompson.com